E-FILED
Friday, 10 July, 2026 01:20:40 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| ZAIRE HERMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 25-2306 |
| | ) | |
| JOHN DOE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently incarcerated at Menard Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### ALLEGATIONS

Plaintiff's allegations arise from events that transpired in Champaign, Illinois. He named as defendants two John Doe officers from the Champaign Police Department, the City of Champaign, and the Champaign Police Department. Plaintiff states that he named the latter two

defendants solely for purposes of assisting him in identifying the John Doe police officers.

Plaintiff alleges that he went to the hospital to receive treatment for a gunshot wound, and that he did not disclose any details to hospital staff regarding the circumstances under which he received this injury. Plaintiff alleges a nurse falsely told Defendant John Doe that Plaintiff had stated it happened in the Garden Hills area of Champaign. Plaintiff alleges that Defendant John Doe "upon receiving this information and without any other evidence concluded that Plaintiff murdered a person on a prior Thursday night" in the same area. Plaintiff alleges that Defendant John Doe convinced the State's Attorney to file charges, and that the State's Attorney did not know at the time that Plaintiff had been living with his grandfather in the area where the murder occurred or that Plaintiff had been the last person to call the victim. Plaintiff alleges that he was later acquitted of the charges.

Plaintiff alleges that Illinois Department of Corrections officials revoked his parole because of the murder charge, causing mental health issues as a result. Plaintiff alleges that the media humiliated him in their coverage of the murder case, and that IDOC inmates called him a murderer.

**DISCUSSION**

Plaintiff appears to be alleging a Fourth Amendment false arrest claim against Defendant John Doe. To prevail on a Fourth Amendment claim for false arrest, a plaintiff "must show that he was arrested without probable cause." *Gaddis v. DeMattei*, 30 F.4th 625, 630 (7th Cir. 2022). The existence of probable cause for an arrest is an absolute defense to a false arrest claim. *Id.* "Probable cause exists when a reasonable officer could have believed a crime had been or was being committed." *Id.* The defense is viable when probable cause exists for any crime, not just the one charged. *Id.*; *Jump v. Village of Shorewood*, 42 F.4th 782, 789 (7th Cir. 2022) ("[W]e

have held that an arrest can be supported by probable cause that the arrestee committed any crime.").

Defendant John Doe arguably would have known that somebody had been murdered, that Plaintiff had suffered a gunshot wound, and that a nurse conveyed to him that Plaintiff stated that the incident occurred in the area where the murder had occurred. Plaintiff's allegations that he did not provide any information to the nurse regarding his injury do not foreclose the possibility that Defendant John Doe possessed at the time of arrest the other information Plaintiff alleges that linked him to the victim. Plaintiff's allegations do not otherwise permit a plausible inference that Defendant John Doe lacked probable cause that he has committed a crime. The State's Attorney is entitled to absolute immunity for all actions taken in his capacity as a prosecutor. *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017). To the extent that Plaintiff attempts to do so, he does not state a viable claim against this individual.

The Court finds that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

### Plaintiff's Motion to Request Counsel (Doc. 4)

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motion is denied with leave to renew.

**Plaintiff's Motion for Status (Doc. 10)**

Plaintiff's motion is granted to the extent that it seeks a status and denied as moot as to any other relief requested. This Order addresses all pending issues.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Clerk is directed to send Plaintiff a blank complaint form.**

3) **Plaintiff's Motion [4] is DENIED with leave to renew.**

4) **Plaintiff's Motion [10] is GRANTED in part and DENIED in part.**

Entered this 10th day of July, 2026.

*s/Michael M. Mihm*

MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
