E-FILED
Friday, 06 November, 2026 10:27:30 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| ZAIRE HERMAN,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE, *et al.*<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 25-2306 |

**MERIT REVIEW ORDER #2**

The Court dismissed Plaintiff's original complaint with leave to amend. The matter is now before the Court for ruling on Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 14). The motion is granted.

The Court must "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**ALLEGATIONS**

Plaintiff alleges events that occurred in Champaign, Illinois. He named as defendants Carle Hospital; Jane Doe, a nurse that worked at the hospital; and John Doe, a detective with the

Champaign Police Department.

Plaintiff alleges that he went to Carle Hospital in January 2023 to get treatment for a gunshot wound he had suffered that day. Plaintiff alleges he did not discuss with hospital staff or anyone else the circumstances surrounding how he received the wound. Plaintiff alleges that Defendant Jane Doe notified the Champaign Police Department that Plaintiff was receiving treatment for a gunshot wound and falsely claimed that he had told her it happened in the Garden Hills area on the same day someone was murdered.

Plaintiff alleges that John Doe "upon receiving this information and without any other evidence" persuaded the Champaign County State's Attorney to charge Plaintiff with first-degree murder of a victim that had died in the Garden Hills area. Plaintiff alleges that he was acquitted of the charges, but that he remained in custody until September 3, 2024, because he was on parole at the time he was charged. Plaintiff alleges that he now suffers from mental health conditions resulting from his wrongful confinement, that he was humiliated by news coverage, and harassed by inmates and jail employees.

**DISCUSSION**

As a threshold matter, Plaintiff cannot prevail against the hospital just because it employed Defendant Jane Doe. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (no vicarious liability under § 1983). Plaintiff alleges that he was not in custody at the time he arrived at the hospital and his interaction with Defendant Jane Doe appears to be nothing more than a transitory and incidental encounter unrelated to any state action. *See Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 798 (7th Cir. 2014) ("[M]edical providers who have 'only an incidental or transitory relationship' with the penal system generally are not considered state actors."). Thus, no plausible inference arises that Defendant Jane Doe or Carle Hospital were acting on behalf of

the state for purposes of § 1983. The Court finds that Plaintiff fails to state a claim against Defendants Carle Hospital and Jane Doe.

Plaintiff appears to be alleging a Fourth Amendment false arrest claim against Defendant John Doe. To prevail on a Fourth Amendment claim for false arrest, a plaintiff "must show that he was arrested without probable cause." *Gaddis v. DeMattei*, 30 F.4th 625, 630 (7th Cir. 2022). The existence of probable cause for an arrest is an absolute defense to a false arrest claim. *Id.* "Probable cause exists when a reasonable officer could have believed a crime had been or was being committed." *Id.* The defense is viable when probable cause exists for any crime, not just the one charged. *Id.*; *Jump v. Village of Shorewood*, 42 F.4th 782, 789 (7th Cir. 2022) ("[W]e have held that an arrest can be supported by probable cause that the arrestee committed any crime.").

Defendant John Doe arguably would have known that somebody had been murdered, that Plaintiff had suffered a gunshot wound, and that a nurse conveyed to him that Plaintiff stated that the incident occurred in the area where the murder had occurred. The record is unclear regarding what other information Defendant John Doe possessed at the time of the arrest, and the Court must accept Plaintiff's allegations as true at this point in the proceedings.

Liberally construing Plaintiff's allegations, the Court finds that Plaintiff states a Fourth Amendment false arrest claim against Defendant John Doe. The Court will add Timothy Tyler, the current Chief of Police at the Champaign Police Department as a defendant solely for purposes of identifying Defendant John Doe. *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555-56 (7th Cir. 1996) (Court may name high level administrators as defendants for purposes of identifying Doe defendants).

**Plaintiff's Motions to Request Counsel (Docs. 11, 15)**

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff satisfied the first prong. Plaintiff has personal knowledge of the facts, he has been able to adequately communicate them to the Court, and he should be able to obtain relevant documents via the discovery process. This case does not appear overly complex at this time, nor does it appear that it will require expert testimony. The Court finds that Plaintiff is capable of representing himself at this time. Plaintiff's motions are denied with leave to renew.

**Plaintiff's Motion for Status (Doc. 16)**

Plaintiff's motion for status is denied as moot with entry of this Order.

**IT IS THEREFORE ORDERED:**

**1. Plaintiff's Motion for Leave to File Amended Complaint [14] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

**2. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states a Fourth Amendment false arrest claim against Defendant John Doe. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**3. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

**4. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90**

**days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.**

**5. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.**

**6. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.**

**7. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.**

**8. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.**

**9. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

**10. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

**11. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**12. The clerk is directed to terminate John Doe II, Champaign Police Department, and City of Champaign as defendants.**

**13. The clerk is directed to add Timothy Tyler as a defendant.**

**14. The clerk is directed to attempt service on Timothy Tyler pursuant to the standard procedures.**

**15. Plaintiff's Motions [11][15] are DENIED with leave to renew.**

**16. Plaintiff's Motion [16] is DENIED.**

Entered this 6th day of November, 2026.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE